UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-14-07041-MWF (CWx)                               Date:  April 27, 2015
Title:     Meritdiam, Inc. -v- Facets Fine Jewelry, LLC, dba JB Hudson Jewelers

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

           Deputy Clerk:                          Court Reporter:
           Rita Sanchez                           Not Reported

           Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
           None Present                           None Present

**Proceedings (In Chambers):**   ORDER DENYING MOTION FOR SUMMARY JUDGMENT [26]

        Before the Court is the Motion for Summary Judgment (the "Motion") filed by Defendant Facets Fine Jewelry, LLC, dba JB Hudson Jewelers ("JB Hudson") on March 30, 2015.  (Docket No. 26).  Plaintiff Meritdiam, Inc. ("Meritdiam") filed an Opposition to Defendant's Motion for Summary Judgment on April 6, 2015 and a corrected version (the "Opposition") on April 7, 2015.  (Docket Nos. 28, 29).  JB Hudson filed a Reply Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment (the "Reply") on April 13, 2015.  (Docket No. 30).

        The Court read and considered the papers filed by the parties on the Motion and held a hearing on April 27, 2015.  For the reasons state below, the Court **DENIES** the Motion.

**Background**

        This case arises from the straightforward claim that the buyer of a diamond paid the wrong the person, and the seller of the diamond would like to be paid.  The facts set forth below are undisputed unless otherwise noted.

        In August 2013 JB Hudson approached Meritdiam to buy, on consignment, a 2.93 carat E VVS2 diamond (the "Diamond"). (Facets Fine Jewelry, LLC's Statement of Uncontroverted Facts ("SUF") ¶ 1 (Docket No. 26-2)).  The parties communicated

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-14-07041-MWF (CWx)                              Date:  April 27, 2015
Title:       Meritdiam, Inc. -v- Facets Fine Jewelry, LLC, dba JB Hudson Jewelers

primarily by email.  (SUF ¶¶ 3, 6, 9).  Meritdiam's CEO Sung "Dale" Chang used the account meritdiam@gmail.com. (*Id.* ¶¶ 2, 3).  On August 16, 2013 Chang sent a credit application for JB Hudson to complete from meritdiam@gmail.com.  (*Id.* ¶ 3).  Patrick Nelson, a gemologist at JB Hudson, filled out the application on behalf of JB Hudson and sent it back to Chang at meritdiam@gmail.com.  (*Id.* ¶ 4).  The application set forth the contract terms applicable to the consignment of the Diamond, including payment according to the "terms stated on [Meritdiam's] invoice." (*Id.* ¶ 5; Affidavit of Patrick Nelson, Ex. B (Docket No. 26-4)).

After sending the completed application, the parties exchanged a number of emails, all of Meritdiam's coming from meritdiam@gmail.com. (SUF ¶ 6; Facets Fine Jewelry, LLC's Fed. R. Evid. 1006 Summary of Emails ("Rule 1006 Summary") (Docket No. 26-3)).  Meritdiam also sent the Diamond to JB Hudson.  (SUF ¶ 6).  By August 24 Nelson and Chang had agreed upon a price of $104,013 for the Diamond and Nelson told Chang that JB Hudson's customer had agreed to buy the Diamond.  (SUF ¶ 7; Nelson Aff. ¶ 9, Ex. C).  Later that day, Chang used the meritdiam@gmail.com address to send an invoice (the "August 23 Invoice") from Meritdiam to JB Hudson.  (SUF ¶¶ 10-11; Nelson Aff. ¶ 11, Ex. D).  The August 23 Invoice identified Commonwealth Business Bank in Los Angeles, California, as Meritdiam's bank to which payment should be made.  (Nelson Aff., Ex. D).

On August 26, however, Nelson received an email from meritdiam@gmail.com purporting to be from Chang stating that the August 23 Invoice contained the wrong bank information and requesting that the funds be sent to an account with JP Morgan Chase in Fort Lauderdale, Florida (the "Florida Account") as indicated in an updated invoice (the "August 26 Invoice") attached to the email.  (SUF ¶ 11; Nelson Aff. Ex. F).  Meritdiam does not object to the fact of the existence of the email, but does claim that it was not sent by Chang or anyone else at Meritdiam, and that "[a]ll the evidence submitted indicates that the emails were fake and that the sender was someone other than plaintiff." (Plaintiff's Statement of Genuine Issues in Opposition to Defendant's Motion for Summary Judgment ("SGI"), ¶¶ 11 (Docket No. 28-1)).  Indeed, Meritdiam concedes that the August 26 Invoice is identical to the August 23 Invoice with the exception of the bank account information at the bottom.  (*Id.* ¶ 12).

**CIVIL MINUTES—GENERAL**                                             2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07041-MWF (CWx)                    Date:  April 27, 2015
Title:     Meritdiam, Inc. -v- Facets Fine Jewelry, LLC, dba JB Hudson Jewelers

Nelson confirmed receipt of the new August 26 Invoice and stated that JB Hudson would complete the wire transfer by August 28.  (SUF ¶ 13).  The next day JB Hudson's CPO, Rob Divinski, attempted to make the payment to the JP Morgan Chase account listed in the August 26 Invoice.  (*Id*. ¶ 14).  The bank returned the payment because the information provided did not match the account.  (*Id*. ¶ 15).

On August 28, Divinski sent an email to meritdiam@gmail.com explaining that the wire transfer had been returned.  (SUF ¶ 16).  Divinski received a response from meritdiam@gmail.com again purporting to be from Chang, a few minutes later stating that the account was under the name of "Waldenia Correa Prado Goncalves" and agreeing to discount the price by $40 to cover the fee for the returned transfer.  (SUF ¶ 17).   Divinski responded on August 29 explaining that the correct wire transfer information needed to be on the invoice for JB Hudson to make the payment.  (SUF ¶ 18).  A few hours later Divinski received another email from meritdiam@gmail.com stating that Waldenia Correa Prado Goncalves was Meritdiam's partner and attaching a corrected invoice (the "August 29 Invoice") with Waldenia Correa Prado Goncalves included in the wire transfer information.  (SUF ¶¶ 19-20).  Divinski then made a successful wire transfer of $103,973 to the Florida Account as indicated on the August 29 Invoice.  (SUF ¶¶ 21-22).

Having made the transfer, Divinski sent two emails to meritdiam@gmail.com; one to confirm that the money had been transferred, and the other attaching a copy of the wire transfer documentation.  (SUF ¶ 23; Affidavit of Rob Divinski, ¶¶ 19-20, Ex. P-Q (Docket No. 26-5)).  On August 30 Nelson received an email from Chang, using meritdiam@gmail.com as usual, asking when JB Hudson would make the payment.  (SUF ¶ 24).  Nelson responded to meritdiam@gmail.com explaining that JB Hudson had wired the payment as specified in Meritdiam's August 29 Invoice.  (SUF ¶ 25).  Shortly thereafter, Nelson received an email from meritdiam@gmail.com apologizing for the previous email and confirming that the funds had been received.  (SUF ¶ 26; Nelson Aff. Ex. R).

Meritdiam contends that neither Chang, nor anyone else at Meritdiam, sent the emails requesting that JB Hudson make payment to the new account.  (SGI ¶ 11;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07041-MWF (CWx)                          Date:  April 27, 2015
Title:     Meritdiam, Inc. -*v*- Facets Fine Jewelry, LLC, dba JB Hudson Jewelers

Declaration of Sung "Dale" Chang, ¶¶ 9-12, 14-15). It also claims that it has no connection with the account to which JB Hudson sent payment for the Diamond, and so has not been paid according to its agreement with JB Hudson.

On December 2, 2013, Meritdiam brought suit against JB Hudson in the Superior Court for the County of Los Angeles, Case No. BC539211. (Affidavit of Jordan Weber, Ex. U (Docket No. 26-6)). That action was removed to this Court on January 17, 2014 by JB Hudson. *Meritdiam Inc. v. Facets Fine Jewelry LLC et al.* ("*Meritdiam I*"), CV–14–00422 (C.D. Cal. Jan. 17, 2014), Docket No. 1). JB Hudson filed a Motion for Judgment on the Pleadings, which Meritdiam did not oppose. *Meritdiam I*, Docket Nos. 9, 11. The Court ultimately dismissed the action without prejudice on April 14, 2014. *Meritdiam I*, Docket No. 19.

Meritdiam filed the present action in this Court on September 9, 2014. (Docket No. 1).

**Standard for a Motion for Summary Judgment**

In deciding motions under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**Evidentiary Objections**

Both parties make evidentiary objections to the evidence, and primarily the declarations and affidavits, submitted in support of the opposing parties' papers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07041-MWF (CWx)                      Date:  April 27, 2015
Title:     Meritdiam, Inc. -v- Facets Fine Jewelry, LLC, dba JB Hudson Jewelers

Meritdiam's objections are primarily to the statements by Nelson and Divinski as to the emails they received from meritdiam@gmail.com. Meritdiam's objections are without basis. Meritdiam objects that each statement "[a]ssumes facts not in evidence. No foundation to show the witness has personal knowledge. Calls for speculation. Misstates testimony. All of the evidence submitted indicates that the emails were fake and that the sender was someone other than plaintiff." (SGI ¶ 11). However, the evidence presented by JB Hudson is only that Nelson and Divinski received the emails from meritdiam@gmail.com and the content of these emails. Meritdiam does not purport to object to that evidence, and to the extent it does, these objections are unfounded. Therefore, all objections on this basis are **OVERRULED**.

JB Hudson also makes a recurring objection that the statements in the declarations submitted by Dale Chang and Leo Chang are not supported "by substantial evidence." As the Court explains in greater detail below, the declarations by Dale and Leo Chang constitute sufficient evidence to establish the relevant disputed facts: that Meritdiam did not send the August 26 Invoice or the August 28 Invoice, that Meritdiam has no connection with the Florida Account, and so has not received payment for the Diamond from JB Hudson. The testimony of the CEO of the company is sufficient and competent evidence as to these facts for the purpose of summary judgment. Therefore, all objections on this basis are **OVERRULED**. At the hearing, counsel for JB Hudson argued not that the issue was the choice between plausible scenarios, but that the submitted evidence was simply insufficient. The Court disagrees.

JB Hudson also provided Meritdiam's Complaint from *Meritdiam I*. The *Meritdiam I* Complaint included the August 29 Invoice as an exhibit, and described it as "the true and correct copy of the invoice sent to Defendant by Plaintiff." (Weber Aff. Ex. U). Meritdiam objects to this evidence on the basis that a "[p]leading prepared by prior counsel fails to qualify as testimony." (SGI ¶ 28). Regardless of who prepared it, the Complaint is the statement of the party opponent and therefore not hearsay. Moreover, the Court's ruling would be the same even if it were not considered. Therefore, the objection is **OVERRULED.** Any remaining objections are

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07041-MWF (CWx)                           Date:  April 27, 2015
Title:      Meritdiam, Inc. -v- Facets Fine Jewelry, LLC, dba JB Hudson Jewelers

**OVERRULED**.  The Court noted at the hearing that the use prior Complaint might be the subject of a motion in limine.

**Discussion**

In its Motion, JB Hudson argues that it is entitled to summary judgment because Meritdiam fails to present evidence to establish that the August 29 Invoice was forged, and therefore JB Hudson did not make a payment pursuant to the parties' contract.

JB Hudson argues that in the absence of further evidentiary support for Meritdiam's claims that its email account was hacked, it is entitled to summary judgment.  It contends that there are more plausible theories to explain the purportedly hacked emails such as Meritdiam having the Florida Account, or Leo Chang, Dale Chang's son and business associate, using the meritdiam@gmail.com account and hiding the emails from his father.  (Mot. at 13).

In its Reply, Meritdiam argues that, as plaintiff bringing suit for a breach of contract, it need only establish that there was a contract, that it performed its obligations under the contract, and that JB Hudson failed to perform its obligations, thereby damaging Meritdiam.  (Opp. 13-14). Meritdiam argues that it has presented sufficient evidence in the form of the unpaid invoice, and affidavits indicating that it has not received payment.  It also argues that the risk of loss falls on JB Hudson because Meritdiam had delivered the Diamond to JB Hudson.  (Opp. at 15).

Meritdiam further argues that the "risk of loss is allocated to the party with standing to seek relief, i.e. the injured party." (Opp. at 16).  Therefore, because JB Hudson has a claim against the person who received the payment as a result of fraud or mistake, it has a claim for relief, and so bears the risk of loss under the contract.  (*Id*.). In further support of this argument, Meritdiam directs the Court to Article 4A of the Uniform Commercial Code, which governs liability in funds transfers, codified at California Commercial Code section 11101 et seq.  Meritdiam argues that under the liability scheme established to address wire transfers, only JB Hudson has standing to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07041-MWF (CWx)                    Date:  April 27, 2015
Title:         Meritdiam, Inc. -v- Facets Fine Jewelry, LLC, dba JB Hudson Jewelers

bring suit for the loss caused by the wire transfer to the Florida Account and so it bears the risk of loss.  (Opp. at 16-18).

However, Meritdiam provides little authority for its theory of which party bears the risk of loss.  JB Hudson argues that before determining who bears the risk of loss, Meritdiam bears the burden of proving that the August 29 Invoice is not the applicable contract between the two parties, which it contends Meritdiam fails to do.

### A.    Sufficiency of the Evidence

The Court first addresses JB Hudson's contention that Meritdiam has failed to present sufficient evidence to survive summary judgment as to its breach of contract and common count claims.  The Court determines that Meritdiam has established that a genuinely disputed issue of fact exists.

JB Hudson's arguments that Meritdiam's declarations are insufficient and there are more plausible theories as to what took place are not sufficient to show that there is not a genuine dispute.  Meritdiam's CEO, Dale Chang, has provided a declaration that he did not send the August 26 Invoice or the August 29 Invoice, that Meritdiam has no connection with the Florida Account, and that Meritdiam has not been paid for the Diamond it delivered to JB Hudson.  JB Hudson's complaints about the sufficiency of this evidence are unfounded.  It is not appropriate for the Court to decide which party's version of events is more probable, or which party's testimony is more believable.  That is the role of the jury.  JB Hudson may, and likely will, use the lack of supporting documentation at trial to undermine the credibility of Chang's statements, but on the record before the Court, the Chang's declarations are sufficient to establish a disputed question of fact as to the source of the two invoices and whether Meritdiam has been paid under the relevant contract.

At the hearing, Meritdiam raised objections to JB Hudson's claims that it received the August 29 Invoice from Meritdiam's email account.  This issue does not alter the Court's decision on the Motion, which is that there are factual disputes which are properly decided by a jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07041-MWF (CWx)                                   Date:  April 27, 2015
Title:     Meritdiam, Inc. -v- Facets Fine Jewelry, LLC, dba JB Hudson Jewelers

### B. Legal Effect of JB Hudson's Payment to the Florida Account

The parties provide little argument, and less authority, in their papers as to the legal effect of JB Hudson's transfer on their respective obligations, or where the risk of loss lies in this instance.

JB Hudson cites to a single, unpublished case from New York to argue that they are not liable for the misdirected payment.  (Mot. at 14, citing *Irobunda v. Western Union Financial Services, Inc.*, 36 Misc. 3d 144(A), 959 N.Y.S.2d 89 (App. Term 2012)).  In *Irobunda*, plaintiff sought to hold Western Union liable for a wire payment that was allegedly intercepted.  Per the contract between plaintiff and Western Union, the money was to be transferred from plaintiff to her sister-in-law, who was living in Nigeria.  Plaintiff provided her sister-in-law with a "Test Question" and the control number for the transfer.  Plaintiff claimed that her sister-in-law did not receive the transfer, although Western Union showed at trial that an individual had presented herself as the recipient with a driver's license, and also knew the answer to the "Test Question" and referenced the control number.  On appeal, the court held that plaintiff had showed no actionable wrongdoing on Western Union's part because it had complied with all provisions of the contract.

In addition to its status as an unpublished out-of-state decision, the Court does not find the facts of *Irobunda* persuasively similar.  The question of fact that ultimately remains, is whether the August 29 Invoice was a relevant contract.  Nor did Meritdiam and JB Hudson establish the complicated confirmation procedures on which Western Union was able to rely in avoiding liability.

However, Meritdiam fairs no better in its arguments as to why JB Hudson bears the risk of loss.  First, all of its statements as to which party bares the risk of loss are made without any supporting authority.  (Reply at 16).  Meritdiam's arguments in the absence of controlling authority for its starting premise, are circular.  Meritdiam argues that because JB Hudson has a claim against the party it wrongfully paid, it bears the risk of loss.  Therefore, Meritdiam is still owed payment.  However, this argument assumes its conclusion.  Without further authority for its position that it does not bear

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07041-MWF (CWx)                          Date:  April 27, 2015
Title:      Meritdiam, Inc. -v- Facets Fine Jewelry, LLC, dba JB Hudson Jewelers

the risk of loss, Meritdiam may be the party that has the claim against the party who received the payment.  And under Meritdiam's logic, JB Hudson only has the claim against the holder of the Florida Account because it bears the risk of loss.

Meritdiam's reference to *Santiny v. Pitre*, 591 So.2d 1245 (La. Ct. App. 1991) is unpersuasive that even on a showing that the misdirected payment was Meritdiam's fault, JB Hudson still owes under the contract.  First, the case is not based on California and has only minimal persuasive authority.  Second, the case addresses the question of an insurance company's mistaken payment to a beneficiary when there was, originally unbeknownst to it, a person with a greater claim on the proceeds from the policy.  In fact, *Santiny* does not provide much guidance to the Court as to how to determine liability under the various factual outcomes plausible from the record before it, and the documents and testimony likely to be presented to a jury.  In part, *Santiny*'s application is limited given that it was decided under an insurance contract with multiple competing claims for the proceeds, unlike the present instance where it is undisputed that JB Hudson owed Meritdiam the money at issue.

The Court is not persuaded that the *Santiny* court's statement that "[p]ayment to the wrong person does not generally diminish what is owed to a creditor" is sufficient authority to show that JB Hudson is still liable under the contract.  Even assuming Meritdiam's theory of the case is true, the email account that was hacked was Meritdiam's, not JB Hudson's.  A jury could plausibly find that Meritdiam is at fault for the misdirected funds because it is the party which had sole control over the security of its chosen communication method.  However, neither party has identified the appropriate standard to apply.

Meritdiam's reliance on the Article 4A of the UCC is also misplaced.  Article 4A was enacted to address liability rules for unauthorized and misplaced wire transfers between banks and requesting parties.  *See Zengen, Inc. v. Comerica Bank*, 41 Cal. 4th 239, 252, 59 Cal. Rptr. 240 (2007) ("Analysis of a funds transfer under [Article 4A] results in a determination of whether or not the funds transfer was 'authorized,' and provides a very specific scheme for allocation of loss.").  In the present case, there is no dispute that the wire transfer was carried out according to JB Hudson's instructions.

---

**CIVIL MINUTES—GENERAL**                                                                                         9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07041-MWF (CWx)                          Date:  April 27, 2015
Title:     Meritdiam, Inc. -v- Facets Fine Jewelry, LLC, dba JB Hudson Jewelers

That the payment ended up with the wrong party is not a function of its being sent by wire transfer rather than, for example, by check.  The use of a wire transfer, on its own, does not bring the dispute within the scope of Article 4A, and neither party contends that either of the banks listed in the various invoices bear any share of the liability.  The liability scheme set forth in Article 4A is therefore irrelevant.

      Ultimately, neither party has presented the Court with authority indicating how California law governs the situation of a third-party fraud causing a contract payment to be misdirected, and the Court itself has failed to find guidance through its own research.  The Court invites the parties to provide such authority going forward as part of the Rule 16 process.  Absent any further direction, the Court believes that liability will likely lie with the party the jury determines was most greatly at fault in causing the payment to be misdirected.  Meritdiam either allowed unauthorized access to its email account or failed to prevent its system from being hacked – assuming that Meritdiam or its principals were not behind the plot.  JB Hudson did not pick-up on certain clues in the emails – assuming it is not the true owner of the Miami account and simply does not want to pay for the Diamond.  These are issues for the jury.

**Conclusion**

      For the reasons stated above, the Court **DENIES** the Motion.

      IT IS SO ORDERED.